IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| eDIRECT PUBLISHING, INC., <br><br> Plaintiff, <br><br> v. <br><br> LIVECAREER, LTD. and NORTH AMERICA LIVECAREER, INC. <br><br> Defendants. <br> ──────────────────────────── / <br> INDIVIDUAL SOFTWARE, INC. <br><br> Third-Party. <br> ──────────────────────────── / | No. C 14-80125 WHA <br><br><br><br> **ORDER DENYING REQUEST FOR RECONSIDERATION OF SEALING ORDER** |

In this miscellaneous action, on May 2, defendants filed an administrative motion for leave to file under seal exhibits 9, 16, and 17 in support of their discovery motion. The caption stated the sealing motion was before the Northern District of California so this district's local rules would apply. The sealing motion (and discovery motion) were served on third-party Individual Software, Inc. the same day (Dkt. Nos. 3, 4).

Our district's local rules state that supporting declarations must be filed within four days of the filing of the sealing motion. *See* Civil Local Rule 79-5(e). The deadline to file a supporting declaration was May 6, 2014. No supporting declaration was timely filed.

1    A May 13 order *sua sponte* extended the deadline to file a supporting declaration to noon
2 on May 16 so that Individual Software could fix their mistake (Dkt. No. 14). No supporting
3 declaration was timely filed.

4    On May 19, counsel for Individual Software filed the opposition to the discovery motion.
5 No supporting declaration was filed at that time.

6    A May 20 order denied the sealing motion because no supporting declaration was timely
7 filed (Dkt. No. 20).

8    On May 21, counsel for Individual Software filed a "request for reconsideration of order
9 denying motion to seal exhibits 16 and 17 of Brandwajn Declaration" (Dkt. No. 21). This
10 request is procedurally improper. Local Rule 7-9(a) requires parties to notice and file a motion
11 for *leave* to file a motion for reconsideration. The motion for leave to file a motion for
12 reconsideration must specifically show reasonable diligence in bringing the motion and one of
13 three limited reasons for bringing the motion. *See* Local Rule 7-9(b)(1–3). None of those
14 reasons apply here. There is no material difference in fact or law; there is no emergence of new
15 material facts or a change in law; and there is no manifest failure to consider material facts or
16 dispositive legal arguments which were presented to the Court before the order.

17    Individual Software's request for reconsideration states that "counsel regretfully and
18 inadvertently failed to properly calendar the deadline for filing the declaration" (Br. 2, Goldman
19 Decl. ¶ 8). Counsel then states that "once the mistake was discovered, Once [sic] that issue was
20 worked out, the deadlines were appropriately docketed . . . [but] the four-day time period . . . had
21 passed . . . . As a result, I failed to timely submit the required declaration" (*ibid*.).

22    Exhibits 16 and 17 are license agreements between Individual Software and eDirect
23 Publishing, Inc. Individual Software's tardy attorney declaration states that exhibits 16 and 17
24 contain "confidential and proprietary business information of third-party" Individual Software.
25 Exhibit 9, however, "should not be sealed" (Goldman Decl. ¶¶ 4, 5).

26    Individual Software is represented in this matter by Attorneys Berrie Goldman and
27 Kenneth Marshall from Bryan Cave LLP (a firm with more than 1,000 attorneys). No acceptable
28 excuse has been provided for missing these deadlines, even after the undersigned judge

Case 3:14-mc-80125-WHA   Document 22   Filed 05/21/14   Page 3 of 3

*sua sponte* gave Individual Software a ten-day extension to fix their mistake. This tardy declaration filed in support of a sealing motion filed on May 2 is far too late. The request for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 21, 2014.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3