United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| eDIRECT PUBLISHING, INC., <br><br> Plaintiff, <br><br> v. <br><br> LIVECAREER, LTD. and NORTH AMERICA LIVECAREER, INC. <br><br> Defendants. <br> ———————————————/ <br> INDIVIDUAL SOFTWARE, INC. <br><br> Third Party. <br> ———————————————/ | No. C 14-80125 WHA <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL PRODUCTION OF SOURCE CODE AND FURTHER DEPOSITION TESTIMONY** |

**INTRODUCTION**

In this miscellaneous action, defendants move to compel production of source code and further deposition testimony from a third party. For the reasons stated herein, the motion is **GRANTED IN PART AND DENIED IN PART**.

**STATEMENT**

Since the mid-1990s, third-party Individual Software, Inc. has sold a product called ResumeMaker, which helps job seekers write resumes, search for jobs, and prepare for interviews (Brandwajn Decl. ¶ 4).

In 2002 and 2004, Individual Software obtained two patents ("the '376 patent and the '674 patent"), both entitled "Method and System for Querying and Posting to Multiple Career Websites on the Internet from a Single Interface." The FRCP 30(b)(6) deponent for Individual Software testified as follows in March 2014 (Hendrickson Dep. at 68, 240):

> Q. Did Individual Software ever secure any patents in connection with the ResumeMaker line of products?
>
> [Objection.]
>
> A. Well, I'm aware of the two patents, which you call '376 and '674. Is that what you're calling them?
>
> Q. Those are the conventions in the case, yes.
>
> A. Okay. So I'm aware of those patents, and they were for some form of ResumeMaker technology.
>
> \*           \*           \*
>
> Q. And is there anyone left at Individual Software who has any knowledge regarding the inventions or the patents?
>
> [Objection.]
>
> A. No.

In October 2004, Individual Software entered into an agreement with plaintiff eDirect Publishing, Inc., wherein eDirect agreed to provide Individual Software with resume-submission programs (*id*. Exhs. 1, 2, 16).

In April 2012, third party Individual Software granted plaintiff eDirect Publishing a license to the two patents. The license also stated (*id*. Exh. 17):

> The LICENSOR [eDirect] hereby grants to the LICENSEE [Individual Software] the right and license to practice and use said PATENTS in connection with the sale of LICENSEE's [Individual Software's] retail-ready ResumeMaker in executable software form (not including web-based applications).
>
> \*           \*           \*
>
> LICENSOR [eDirect] shall have the right, but not the duty, to enforce the PATENTS. LICENSEE [Individual Software] will cooperate in good faith and at LICENSOR's [eDirect's] expense in LICENSOR's [eDirect's enforcement of the PATENTS. All costs of enforcement by LICENSOR [eDirect] will be borne by the LICENSOR [eDirect]; and all damages awarded, settlements recovered or any other monetary relief or payment will be retained by LICENSOR [eDirect].

In May 2012 (a month after the license), eDirect commenced an action in the Southern District of California asserting that defendants LiveCareer, Ltd. and North America

LiveCareer, Inc. (collectively "LiveCareer") infringed the two patents. *See eDirect Publishing, Inc. v. LiveCareer, Ltd., et al.*, No. 3:12-cv-01123-JLS-JMA (S.D. Cal. May 8, 2012) (Judge Janis Sammartino).

Fact discovery closes on July 1, 2014; expert discovery closes on September 19, 2014; and the final pretrial conference is scheduled for February 5, 2015 (Dkt. No. 109).

\*        \*        \*

LiveCareer has served two document subpoenas (October 2013, April 2014) and one deposition subpoena (October 2013) on third party Individual Software (Brandwajn Decl. ¶ 3, Exhs. 3–7). Individual Software did not serve objections to the October 2013 document subpoena, but served objections to the October 2013 deposition subpoena and April 2014 document subpoena (*id*. ¶ 3).

In March 2014, LiveCareer deposed Individual Software's FRCP 30(b)(6) designee, Jo-L Hendrickson (*id*. ¶ 5). LiveCareer then deposed Individual Software's second FRCP 30(b)(6) designee, Matt Hendrickson.

In May 2014, defendants filed the instant motion to compel discovery from Individual Software. This order follows full briefing and oral argument.

**ANALYSIS**

Defendant LiveCareer contends that Individual Software's product — ResumeMaker — is prior art relevant to its invalidity defenses. In this connection, LiveCareer moves to compel (1) production of source code related to the ResumeMaker products under request for production number two from the April 2014 document subpoena and (2) further testimony on deposition topic M from the October 2013 deposition subpoena (*id*. Exhs. 4, 5).

**1.    SOURCE CODE.**

LiveCareer states that Individual Software has provided copies of the ResumeMaker software (the customer's operating software) but has not produced any source code (*id*. ¶ 4). Request for production number two, served in April 2014, stated (*id*. Exh. 4) (emphasis added):

3

> All documents and things, including source code, that refer or relate to the functionality and operation of ResumeMaker Deluxe 6, *ResumeMaker Deluxe 6.2*, ResumeMaker with Career Planning 5 – Win, ResumeMaker Deluxe 7 and ResumeMaker Deluxe 11.

In the briefs, LiveCareer argued that ResumeMaker Deluxe 6, ResumeMaker Deluxe 6.2, ResumeMaker with Career Planning 5 – Win, and ResumeMaker Deluxe 7 were sold between 1998 and 2003, thereby making it potential prior art relevant to the asserted patents which claim an alleged priority date of August 1999 (*id*. ¶¶ 2, 4). ResumeMaker Deluxe 11 (also allegedly known as ResumeMaker Professional v.11) is relevant to LiveCareer's non-infringement position because, in LiveCareer's view, it is undisputedly a non-infringing product (Br. 4–5, n.2). At oral argument, LiveCareer was asked to choose which version it was most interested in. LiveCareer chose ResumeMaker Deluxe 6.2.

LiveCareer argues that a review of the requested source code would help determine the presence (or absence) of the limitation in claim 1(c) in the '376 patent. Claim 1 states (*id*. Exh. 2, col. 9:32–47) (emphasis added):

> 1. A method for querying multiple career websites from a single interface, each of the websites comprising a plurality of web pages having site-specific fields requiring input of data, the method comprising the steps of:
>
> (a) collecting information from a user;
>
> (b) mapping the user information to the site-specific fields of each of the career websites;
>
> (c) *automatically filling-in the site-specific fields of each of the career websites with the mapped user information*;
>
> (d) forming respective query strings from the filled-in site-specific fields of each of the career websites; and
>
> (e) submitting the respective query strings to the corresponding career websites.

LiveCareer argues that because eDirect has argued in claim construction that claim 1(c) includes providing data for fields that are not visible to the user, LiveCareer needs the source code to determine whether data is being provided to invisible fields (Br. 6).

4

Individual Software responds that just because the production of source code might make it easier to evaluate allegations for a "single, minor element of one of the patents at issue," that does not justify the undue burden on a third party to produce proprietary source code. No specific or concrete information, however, was provided to show how producing the requested source code would constitute an undue burden. Individual Software submitted no competent declarations attesting to its confidential and proprietary nature, failed to provide any details about how many pages (or lines) of code would need to be produced, and submitted no sworn testimony providing a concrete or particularized assessment of the costs or risks of the requested production. Individual Software merely stands on the fact that it is a "third party" and its source code is "proprietary." At oral argument, Individual Software could not even identify how much it would cost to produce the relevant source code.

Individual Software is no ordinary "third party." Individual Software is the original assignee of both asserted patents and held the rights to the asserted patents until one month before the underlying patent-infringement action began. Individual Software entered into at least two agreements with plaintiff eDirect and at least part of the source code sought is relevant to the parties' claims and defenses.

In the opposition brief, Individual Software relies on two decisions to support its position. Neither decision helps Individual Software. In *Optimize Tech. Solutions, LLC. v. Staples, Inc.*, No. 5:14-mc-80095-LHK, 2014 WL 1477651, at *1–2, 4 (N.D. Cal. Apr. 14, 2014) (Judge Howard Lloyd), the third party was ordered, *inter alia*, to produce source code and provide a deponent on certain topics. The source code there was relevant to infringement because the defendant allegedly used the third party's product in an infringing manner. Here, LiveCareer seeks source code allegedly relevant to the validity of the asserted patents. LiveCareer argues that ResumeMaker Deluxe 6.2 could invalidate the asserted patents.

Individual Software's reliance on *Realtime Data, LLC v. MetroPCS Tex., LLC*, No. 12-cv-1048-BTM (MDD), 2012 U.S. Dist. LEXIS 73257, at *4–7 (S.D. Cal. May 25, 2012) (Magistrate Judge Mitchell D. Dembin), a non-binding, out-of-district decision, is unpersuasive. In *Realtime*, plaintiff's motion to compel production of "source code of each Compression Server

5

product or service provided to or used by any Defendant" from a third party was denied. Plaintiff argued that defendant Sprint Nextel Corporation deployed technologies obtained from the third party on its network. The parties in *Realtime* did not brief how the use of the third party's technology would tend to prove the defendant's infringement. Because of the undue burden of a third party producing "source code" for "each Compression Server product or service," the concerns regarding the security of the code, and the deposition offered by the third party, that motion was denied. Here, Individual Software has identified no concrete undue burden. In the underlying action, there is a protective order in place. All Individual Software argues is that its software is "proprietary" and LiveCareer's independent expert could misuse the source code. At oral argument, LiveCareer was asked to identify whether any outside counsel for LiveCareer could review source code. LiveCareer identified an attorney from outside counsel, Alston & Bird LLP.

Accordingly, Individual Software is **COMPELLED** to produce the **SOURCE CODE FOR RESUMEMAKER DELUXE 6.2 BY JUNE 13, 2014**. Further details are provided below. The remainder of the motion to compel the production of source code is **DENIED**.

**2.    DEPOSITION.**

LiveCareer moves to compel Individual Software to designate an individual to testify regarding deposition topic M because LiveCareer contends that the testimony that was given in March 2014 was deficient. LiveCareer contends that it is entitled to learn the functional differences between Individual Software's prior-art products and the products purportedly covered by the asserted patents (Br. 9). Deposition topic M stated (Brandwajn Decl. Exh. 8):

> Any contentions, analyses, advice, opinions, Prior Art searches and Prior Art, concerning:
>
>   a. the subject matter disclosed and claimed in the '376 and '674 patents;
>
>   b. the scope of the claims of the '376 and '674 patents;
>
>   c. the validity of enforceability of the '376 and '674 patents;
>
>   d. infringement of the '376 and '674 patents; or [sic.]

LiveCareer argues that "Prior Art" means (Br. 8, *see* Brandwajn Decl. Exh. 8):

6

> any prior art concerning the subject matter disclosed and claimed in the patents-in-suit. This includes copies of software of Individual Software products concerning the subject matter disclosed and claimed in the patents-in-suit (including ResumeMaker and ResumeMaker Deluxe) available on or before December 21, 2001; documents describing the functionality of such products; and documents sufficient to show offers for sales, sales, or use of such products available on or before December 21, 2001.

Individual Software argues that the deposition notice did not describe with reasonable particularity LiveCareer's view that topic M included testimony on the functionality of prior-art products. In Individual Software's view, LiveCareer's after-the-fact attempt to sweep in additional testimony is unfair. Individual Software also argues that it is unduly burdensome for one non-party witness to prepare for testifying regarding the functionality of each version of each item of "prior art," including products more than fifteen years old. None of the inventors of the asserted patents are still employed by Individual Software (Hendrickson Dep. at 240). At oral argument, LiveCareer admitted that one of the three inventors named on the asserted patents is deceased and the other two have not been located.

This order finds LiveCareer's view of topic M overly broad and unduly burdensome. LiveCareer essentially seeks to read additional topics into topic M and gain expert testimony from a non-party (albeit the original assignee of the asserted patents). LiveCareer has already deposed two different FRCP 30(b)(6) witness for Individual Software. At this point, a further deposition in this circumstance would be too onerous to be justified.

Accordingly, the request for a further deposition on topic M is **DENIED**.

### CONCLUSION

For the reasons stated herein and at the hearing, it is hereby ordered that:

1. By **JUNE 9, 2014**, LiveCareer shall reimburse Individual Software for the sum of **$5,000**. Once this sum is paid, Individual Software is **COMPELLED** to produce the **SOURCE CODE FOR RESUMEMAKER DELUXE 6.2 BY JUNE 13, 2014**. For now, the production shall be "CONFIDENTIAL — FOR OUTSIDE COUNSEL ONLY — SOURCE CODE," meaning that only outside counsel (for eDirect and LiveCareer) and the Court (the United States District Court for the Southern District of California, court reporters, and staff) may view the source code. The parties' "independent experts" may not review the source code, unless Individual Software

7

provides its written consent (*See* Protective Order, Dkt. No. 68 at 7–12, 17, Exh. A). A joint stipulation and proposed order for experts to view the source code may be filed here. Both sides should be reasonable.

      2.      The undersigned judge is of the view that patentees should not stonewall in the discovery of prior art that invalidates asserted patents. Here, LiveCareer contends that a review of the source code for ResumeMaker Deluxe 6.2 could provide evidence that would invalidate the asserted patents previously owned by Individual Software. If the source code for ResumeMaker Deluxe 6.2 ends up providing the basis for invalidating the asserted patents, the undersigned judge recommends that Judge Janis Sammartino allow LiveCareer to recoup at least the $5,000 reimbursement, if not more.

      3.      The remainder of the motion to compel is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 4, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE